UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RICHARD GALLAHUE JR. and
CHRISTEENA GALLAHUE,
Individually and as Parents and Next of Friend of
R.J., a minor child                                                                                          PLAINTIFF

v.                                                                              CIVIL ACTION NO. 3:16-cv-00242-CRS

UNITED STATES OF AMERICA, *et al.*                                                              DEFENDANTS

Memorandum Opinion

I.    Introduction

    This matter is before the Court on the motion of Defendant the United States of America to dismiss Count II of the complaint under Federal Rule of Civil Procedure 12(b)(1), ECF No. 27. The United States alternatively moves for a grant of partial summary judgment on Count II under Federal Rule of Civil Procedure 56(a). Plaintiffs Richard Gallahue Jr. and Christeena Gallahue (collectively, "the Gallahues") responded, ECF No. 31. The United States replied, ECF No. 37.

    Defendant the Roman Catholic Bishop of Louisville (the "Archdiocese") then also moved to dismiss Count II under Federal Rule of Civil Procedure 12(b)(1) or, alternatively, for a grant of partial summary judgment under Federal Rule of Civil Procedure 56(a), ECF No. 29. The Gallahues responded, ECF No 36.

    Because these motions involve similar facts and legal issues, the Court will address them in a single memorandum opinion and order. For the reasons below, the Court will grant the motions of the United States and of the Archdiocese, and will dismiss Count II for lack of subject matter jurisdiction.

1

II.     Background

Between 1985 and 2016, the Archdiocese employed Father Steven Pohl, who served as a priest for St. Margaret Mary parish and school in Louisville, Kentucky. Am. Compl. ¶ 8, ECF No. 22. In August 2015, Pohl was arrested on federal possession of child pornography charges. *Id.* ¶ 9. He pled guilty to the child pornography charges in January 2016 and was sentenced in March 2016. *Id.*

As part of the investigation into the child pornography charges against Pohl, the Federal Bureau of Investigation (FBI) and Louisville Metro Police seized multiple, potentially inappropriate photographs of children that resided on a laptop computer, cellular phone, thumb drives, and/or other electronic storage devices. *Id.* ¶ 10. The children depicted in these seized photographs were purported to be students at St. Margaret Mary. *Id.* At least one of these photographs apparently depicted the Gallahues' minor child. *Id.*

The Gallahues eventually filed a civil action in Jefferson County, Kentucky Circuit Court, No. 16-CI-01441, against the Archdiocese. *Id.* ¶¶ 9, 12. In their state court suit, they allege that the Archdiocese negligently supervised Pohl. *Id.*

Before and after they filed the state court suit and their initial complaint in this Court, Compl. 1, ECF No. 1, the Gallahues made several efforts to obtain and prevent the destruction of the photographs from the federal investigation into the child pornography charges against Pohl. The Gallahues emailed and sent several letters to the United States Attorney's Office (USAO) requesting information about the possible destruction of the photographs after Pohl's sentencing. Ex. 3 at 1, ECF No. 31-4. Between January and March of 2016, the Gallahues also sent the USAO several letters requesting that the Department of Justice preserve all of the photographs after the end of Pohl's criminal case. *Id.* at 10–13, 17–20.

As explained in a letter sent to the Gallahues, the USAO interpreted the filing of the initial complaint in this Court as requesting copies of the photographs, including those of other parents' children. *Id*. at 30. The USAO determined that the Gallahues could only review and possess copies of pictures that were in its possession that depicted their own minor child. *Id*. at 31. The USAO declined to release any photographs in its possession that showed other parents' children. *Id*. In support of this decision, the USAO cited to the *Touhy* regulations of the Department of Justice, the Privacy Act, 5 U.S.C. § 552a, and the Victims' Rights Act, 18 U.S.C. § 3771(8).[1] *Id*.

The Gallahues also sent a formal request for the photographs under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.* to the FBI, which had investigated the child pornography charges against Pohl. Ex. 2 at 9, ECF No. 27-3; Compl. ¶ 10, ECF No. 22. The Gallahues demanded "any and all records/documents . . . regarding Stephen Pohl including the [sic] any and all photos/images of children assumed to [sic] students of St. Margaret Mary School, Louisville, Kentucky along with any and all metadata from any storage devices where said photos were/are located [sic] seized from Father Stephen Pohl/Louisville Archdiocese/St. Margaret Mary School during investigation of US v. Stephen Pohl." Ex. 2 at 9, ECF No. 27-3.

Shortly thereafter, the FBI responded to the Gallahues' FOIA request in a letter. *Id*. at 15. The FBI explained that it could not process their request for the photographs because the requested records contained an important privacy interest of one or more third party individuals. *Id*. In support of this decision, the FBI cited to FOIA exemptions 5 U.S.C. §§ 552(b)(6) and (b)(7)(C). *Id*. The agency suggested that the Gallahues could remedy their deficient FOIA request by (1) providing a privacy waiver from the third party individuals authorizing the FBI to

---

[1] The *Touhy* regulations are named after the case of *United States ex rel. Touhy v. Ragen et al.*, 340 U.S. 462 (1951).

release his or her personal information, (2) providing proof of death of the third party individuals, or (3) establishing that the public interest in the information outweighed the privacy interests of the third party individuals. *Id*. The FBI advised the Gallahues that their FOIA request would close if they did not respond with the necessary information within thirty days from the date of receiving the letter. *Id*. The FBI also provided the Gallahues with information about its administrative appeals process and explained that they were required to appeal its denial of their FOIA request within sixty days of receiving the letter. *Id*. The Gallahues never responded to the FBI's letter. *Id*. at 7. Nor did they administratively appeal the FBI's denial of their FOIA request for the photographs. *Id*.

In August, the Gallahues filed an amended complaint in this Court against the United States, Loretta E. Lynch, the United States Attorney General, the Archdiocese, and the unknown parents of children depicted in the requested photographs. Am. Compl. ¶¶ 2–5, ECF No. 22. They assert two causes of action in the amended complaint. First, the Gallahues assert a declaratory judgment claim (Count I). *Id*. ¶¶ 23–27. The Gallahues argue that they should be permitted to access the photographs taken of children of other parents by Pohl that are being held by the USAO and/or the FBI to support their state court case. *Id*. ¶¶ 14, 16, 24–27. Second, the Gallahues assert a claim under FOIA and the Administrative Procedure Act, 28 C.F.R. § 16.21 (Count II). *Id*. ¶¶ 29–36. They contend that the USAO and the FBI improperly withheld access to the photographs as well as to the storage devices that included the photographs' metadata. *Id*. ¶¶ 31–32. They request declaratory relief and a declaration of rights to the subject photographs. *Id*.

The United States now asserts that this Court lacks subject matter jurisdiction over the Gallahues' claim arising under FOIA and seeks a partial dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, a partial summary judgment under

4

Federal Rule of Civil Procedure 56(a). United States' Mot. Dismiss 1, ECF No. 27. The Archdiocese then also moved to dismiss the Gallahues' claim arising under FOIA, and joined in the motion of the United States and adopted its memorandum in full. Archdiocese's Mot. Dismiss 2, ECF No. 29.

III.     Standards of Review

     A.     Federal Rule of Civil Procedure 12(b)(1) Standard

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss an action for lack of subject matter jurisdiction. Motions made under Rule 12(b)(1) generally come in two varieties, a facial attack and a factual attack. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A facial attack challenges the sufficiency of the pleadings. *Id*. In reviewing a facial attack, the court must accept as true all factual allegations in the complaint. *Id*. In contrast, the court need not accept as true all factual allegations in the complaint when reviewing a factual attack on the pleading. *Id*. When reviewing a factual attack, the court "weigh[s] the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Id*. The court has the discretion to review "affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id*.

     B.     Federal Rule of Civil Procedure 56(a) Standard

Before granting a motion for summary judgment, a court must find that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of establishing the nonexistence of any issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party satisfies this burden by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of

5

a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). When resolving a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

IV.  Discussion

The United States argues that the Gallahues' claim arising under FOIA should be dismissed for lack of subject matter jurisdiction because they did not appeal the FBI's decision to deny their request for the photographs and thus failed to exhaust their administrative remedies. United States' Mem. Supp. Mot. Dismiss 5, ECF No. 27-1. Under FOIA, a district court has "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Before the district court may hear a FOIA request, however, a plaintiff in the Sixth Circuit must first exhaust his or her administrative remedies. *Auto Alliance Int'l, Inc. v. United States Customs Serv.*, 155 Fed. Appx. 226, 228 (6th Cir. 2005); *Reisman v. Bullard*, 14 Fed. Appx. 377, 379 (6th Cir. 2001). The FOIA exhaustion requirement includes following the agency's administrative appellate procedures. *Tex. Roadhouse v. EEOC*, No. 3:14CV-00652-JHM, 2015 U.S. Dist. LEXIS 25468, at *13 (W.D. Ky. Mar. 3, 2015) (dismissing a FOIA claim for failure to appeal an agency's decision to redact or withhold documents before filing suit in federal court). Requiring the plaintiff to exhaust his or her administrative remedies before filing suit in the district court permits the agency to "exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Id*. at *10 (citing *Miller v. Fed. Elections Comm'n*, No. 1:12-cv-242, 2013 U.S. Dist. LEXIS 115511, at *4 (S.D. Ohio 2013)).

In this case, the Gallahues failed to exhaust their administrative remedies. The Gallahues sent the FBI a FOIA request for the photographs on March 31, 2016. Ex. 2 at 9, ECF No. 27-3. On April 21, 2016, the FBI responded to and denied the Gallahues' FOIA request via a letter. *Id*. at 15. In the letter, the FBI provided the Gallahues with several options regarding how they could remedy their request and notified them of its FOIA administrative appeals process. *Id*. The Gallahues never responded to the FBI's letter. *Id*. at 7. Nor did they administratively appeal the denial of their FOIA request. *Id*. Given that the Gallahues never exhausted their administrative remedies, dismissal on their FOIA claim is appropriate under Federal Rule of Civil Procedure 12(b)(1).

The Gallahues concede that they failed to exhaust their administrative remedies, but they argue that equity prevents the Court from dismissing the claim for lack of jurisdiction. Gallahues' Resp. Mot. Dismiss 6, ECF No. 31. They assert that they did not appeal the FBI's decision to deny their request for the photographs because they believed the USAO represented the FBI. *Id*. at 8. And because the Gallahues believed that the USAO represented the FBI, they "assumed as a result, that any claims for preservation of the subject photos, housing devices and metadata were to be included in the subject First Amended Complaint." *Id*.

In support of their request for an equitable reprieve from FOIA's exhaustion requirement, the Gallahues rely heavily on the USAO's letter that was sent soon after they had filed their initial complaint in this Court, on June 15, 2016. *Id*.; Ex. 3 at 30, ECF No. 31-4. The letter includes the sentence, "We consider Plaintiffs' complaint as substantially compliant with the *Touhy* regulations for the Department of Justice and that it seeks items in the possession of this office." Ex. 3 at 30, ECF No. 31-4. They also rely on the United States Attorney's Manual, 28 U.S.C. §§ 516, 519, and 5 U.S.C. § 3106, which provide that the USAO represents the United

7

States, its agencies, and its officers in civil litigation. Gallahues' Resp. Mot. Dismiss 10, ECF No. 31.

The Gallahues' argument that they should not be barred from asserting their claim in this court regardless of whether they exhausted their administrative remedies because they believed that USAO spoke on behalf of the FBI fails. Their reliance on the USAO's letter is unsound because of the letter's timing. The Gallahues were required to appeal the FBI's denial of their FOIA request by May 21, 2016. *See* Ex. 2 at 15, ECF No. 27-3 (requiring the Gallahues to appeal the decision within sixty days of receiving the letter). They received the USAO's letter discussing the *Touhy* regulations on June 15, 2016. Ex. 3 at 30, ECF No. 31-4. Given this timeline, the letter could not have affected the Gallahues' ability to timely appeal the FBI's denial of their FOIA request. Additionally, the letter does not mention the FOIA request to the FBI and speaks only to the photographs of items in the possession of the USAO, not those in possession of the FBI. *Id*. The Gallahues' reliance on the United States Attorney's Manual and its references to 28 U.S.C. §§ 516, 519, and 5 U.S.C. § 3106 is likewise problematic. As explained in these statutes, the USAO represents the United States, its agencies, and its officials in civil litigation. FOIA's appeals process is administrative— not civil litigation. *See* 5 U.S.C. § 552(a)(4)(B).

The Gallahues alternatively argue that exhaustion of administrative remedies in FOIA claims is not jurisdictional and that any further exhaustion would be futile. Gallahues' Resp. Mot. Dismiss 7, ECF No. 31. In support, they cite to *Taylor v. U.S. Treasury Dept., IRS*, a case from the United States Court of Appeals for the Fifth Circuit. 127 F.3d 470 (5th Cir. 1997). Regardless of the law in the Fifth Circuit, plaintiffs in the Sixth Circuit are required to exhaust their administrative remedies before they file suit in a district court. *Auto Alliance Int'l, Inc.* 155

Fed. Appx. at 228; *Reisman*, 14 Fed. Appx. at 379. Thus, the Gallahues' argument that exhaustion of administrative remedies in FOIA claims is not jurisdictional also fails.

Because the Gallahues did not exhaust their administrative remedies after the FBI denied their request for the photographs, the Court lacks jurisdiction to hear their claim arising under FOIA.

V.      Conclusion

The Court will grant the motion of the United States to dismiss Count II under Federal Rule of Civil Procedure 12(b)(1). The Court will likewise grant the motion of the Archdiocese to dismiss Count II under Federal Rule of Civil Procedure 12(b)(1). The Court will dismiss Count II without prejudice. The Court will enter an order in accordance with this memorandum.

November 10, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**